<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY CAPPUCCIO,<br><br>            Plaintiff,<br><br>     v.<br><br>UNITY BANK, *et al.*,<br><br>            Defendants. | Case No. 2:24-cv-05695 (BRM)(LDW)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are two Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6): (1) a Motion by Defendant Unity Bank ("Unity") to dismiss Plaintiff Anthony Cappuccio's ("Cappuccio") Complaint (ECF No. 7); and (2) a Motion by Defendants Fein, Such, Kahn & Shepard, P.C. ("FSKS") and Vincent DiMaiolo ("DiMaiolo") (together with Unity, the "Defendants") to dismiss the Complaint (ECF No. 8). Cappuccio submitted multiple letters to the Court objecting to various papers submitted by the Defendants and Text Orders posted by the Court and seeking to add new defendants, raise new issues, and demand a trial date be set. (ECF Nos. 9, 12–18, 20–23, 26.) Unity filed a Reply Brief (ECF No. 10), a Response in Support of its Motion to Dismiss (ECF No. 11), and a Letter notifying the Court of a summons improperly issued by Cappuccio to which responsive pleadings would not be filed (ECF No. 25). Having reviewed the submissions filed in connection with the Motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendants' Motions to Dismiss are **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

1

I. **BACKGROUND**

For purposes of this Motion, the Court accepts the factual allegations in the complaint as true and draws all inferences in the light most favorable to the plaintiff. *See Philips v. Cnty. Of Alleghany*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis added).

Given Plaintiff is proceeding *pro se*, the Court attempts to glean his factual allegations and legal claims through liberal construction of his pleading. *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005); *Cooke v. Experian Info. Sols., Inc.*, Civ. A. No. 22-05375, 2024 WL 1142214, at *2 (D.N.J. Mar. 15, 2024) ("When considering a motion to dismiss the complaint of a *pro se* litigant, courts must bear in mind that such pleadings are held to less stringent standards than more formal pleadings drafted by lawyers."); *Huff v. Atl. Cnty. Just. Facility*, Civ. A. No. 20-9761, 2021 WL 307303, at *2 (D.N.J. Jan. 29, 2021) ("Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making."). To address the dearth of factual allegations in the Complaint, this Court relied heavily on Defendants' moving papers to ascertain the factual background and procedural history of this case.

A. **Factual Background**

Cappuccio is an individual residing in Union County, New Jersey. (ECF No. 1 at 21.) On October 3, 2020, he executed a Residential Construction Loan Fixed Rate, Interest-Only Balloon Promissory Note in the amount of $607,500.00 with Unity (ECF No. 8 at 5), secured by a mortgage on property located at 6 Orchard Lane, Berkeley Heights, New Jersey (ECF No. 1 at 2). As additional security for the loan, Cappuccio executed to Unity a second mortgage of real property

located at 42 Jones Lane, Washington, New Jersey, also on October 3, 2020. (ECF No. 8 at 5.) The maturity date of the Note was extended by mutual agreement of the parties on several occasions. (*Id.*) On July 3, 2023, Cappuccio defaulted under the terms of the Note and Mortgages (*id.*), and on November 8, 2023, FSKS, on behalf of its client, Unity, initiated foreclosure proceedings in the Superior Court of New Jersey, Union County, Chancery Division (*id.* at 6; ECF No. 7 at 10).

In that action, Cappuccio filed a Motion for Temporary Restraining Order and Injunction to Arrest Seizure and Sale of Property, arguing that Unity did not have standing to foreclose because it allegedly sold its loan to a trust (ECF No. 7 at 11), attaching as proof an affidavit of a forensic investigator (ECF No. 1 at 3). Unity filed an opposition, citing a Certification by Unity First Vice President refuting Cappuccio's allegation that Unity sold this loan to a trust. (ECF No. 7 at 11.) The Honorable Judge Janet E. Smith denied the motion and allowed Cappuccio to submit responsive pleadings refuting Unity's allegations "within the time allotted by Court Rules[,]" which Cappuccio failed to do. (*Id.*) On March 15, 2024, default was entered against Cappuccio after repeated failures to submit any responses (*id.*), and final judgment in the case was entered on June 13, 2024 (ECF No. 11 at 1).

### B. Procedural History

Cappuccio filed this lawsuit in federal court against Unity, FSKS, and DiMaiolo on April 26, 2024 (ECF No. 1), while the state court action was still pending (ECF Nos. 7, 8), very generally alleging fraud. Unity filed a Motion to Dismiss on May 23, 2024 (ECF No. 7), and FSKS and DiMaiolo filed their Motion on May 31, 2024 (ECF No. 8). Cappuccio submitted an "Objection" to Unity's Motion on June 3, 2024 (ECF No. 9), to which Unity replied on June 10, 2024 (ECF No. 10), followed by a series of "Objections," a "Notice of Amendment," and letters to the Court by Cappuccio, including one requesting a summons for additional defendants (ECF Nos. 12–18).

On July 9, 2024, the Court issued its first Text Order, in which it acknowledged receipt of the various documents filed by Cappuccio but stated: (1) they would not be considered as they fail to comply with the Federal Rules of Civil Procedure, specifically Rule 15; and (2) no additional submissions could be filed without leave of court pending resolution of the two Motions to Dismiss. (ECF No. 19.) Cappuccio continued to file similar documents and letters in July and August 2024 (ECF Nos. 20–23, 26), to which the Court replied in another order reiterating the substance of its July 9, 2024 Text Order. Specifically, the Court: (1) denied Cappuccio's demand to set a trial date as premature; and (2) stressed no further submissions could be made without leave of court pending a resolution of the two present Motions. (ECF No. 24.)

## II. LEGAL STANDARD

### A. Rule 8(a)

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint "must contain: (1) a short and plain statement of the ground for the court's jurisdiction . . . [;] (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). The purpose of a complaint is to put the adverse party on notice of the claims against them and inform the court of the nature of the claims, any defenses being asserted, and the relief requested. *See United States ex rel. FLFMC, LLC v. TFH Publ'ns, Inc.*, 855 F. Supp. 2d 300, 304 (D.N.J. 2012). The Supreme Court has explained that "a short and plain statement of the claim[,]" Fed. R. Civ. P. 8(a)(2), entails pleading sufficient factual matter that would "raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, "a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.*

4

The Court reads the Motions as arguing the plaintiff in this case fails to sufficiently plead the first two elements of Rule 8(a); namely, Cappuccio does not show jurisdictional grounds to justify review and fails to include sufficient statements of the claims plausibly showing he is entitled to relief. (*See* ECF No. 7 at 10, 13, 26–30; ECF No. 8 at 7–8.) The standards for dismissal on these two grounds are provided in turn.

### B. Rule 12(b)(1)

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ. A. No. 12-3922, 2013 WL 1163483, at *2 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd*, 39 F.3d 61 (3d Cir. 1994)). A motion to dismiss under Rule 12(b)(1) challenging the Court's subject matter jurisdiction asserts the Court lacks "authority or competence to hear and decide the case before it." *Northlight Harbor, LLC v. United States*, 561 F. Supp. 2d 517, 520 (D.N.J. 2008) (citing CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 5B FEDERAL PRACTICE AND PROCEDURE § 1350 (3d ed. 2004). It requires a plaintiff to bear the burden of pleading that jurisdiction is appropriate. *Id.* at 521; *see also Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015) ("It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction in order to defeat a motion under Rule 12(b)(1)."). In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief, but rather on whether the court has jurisdiction to hear the claim and grant relief. *See Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

The court is tasked with determining "whether [it is] dealing with a facial or factual attack to jurisdiction. If . . . facial [], the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *TFH Publ'ns*, 855 F. Supp. 2d at 304 (quoting *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 191 n.4 (3d Cir. 2011)). A factual attack, on the other hand, "concerns not an alleged pleading deficiency, but rather the actual failure of [plaintiff's] claims to comport with the jurisdictional prerequisites." *Id.* (quoting *United States ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007)). Moreover, the standard of review for a facial Rule 12(b)(1) attack is the same as one under 12(b)(6). *Id.*

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Id.* at 348. "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (alteration in original) (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)).

Here, Defendants assert a facial 12(b)(1) challenge given they do not raise arguments concerning any of the underlying facts but rather focus exclusively on deficiencies in the pleadings. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### C. Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) ("[A] complaint attacked by a Rule 12(b)(6)

6

motion to dismiss does not need detailed factual allegations."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545 (alterations in original). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, assuming factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). In assessing plausibility, the Court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022). Furthermore, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (emphasis added).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. *Iqbal*, 556 U.S. at 677. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, as a general rule, the Court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

### III. DECISION

Defendants each argue the Complaint fails to state a claim upon which relief can be granted. (ECF No. 7 at 10, 26–30; ECF No. 8 at 7–8.) Unity also contends the Court lacks subject matter jurisdiction over the suit and that Cappuccio failed to show otherwise. (ECF No. 7 at 13.) Unity points to several doctrines it posits could dispose of this case, including *res judicata*, *Rooker-Feldman*, the New Jersey entire controversy doctrine, and collateral estoppel. (*Id.* at 13–22.) Alternatively, Unity argues the Court must abstain from deciding this matter under the *Colorado River* doctrine or *Younger* abstention (*id.* at 23–26), and FSKS and DiMaiolo contend they are shielded by the litigation privilege from suit in federal court (ECF No. 8 at 9–12).

In one of many responsive submissions to the case docket,[1] Cappuccio submitted a document entitled "Objection to All Motions and Letters to Dismiss," in which he responds to the Motions. (*See* ECF No. 15.) In that submission, he provides the first full list of claims against Defendants in this matter, which are, in the order in which they appear: (1) "fraud"; (2) "actionable fraud"; (3) "material fraud"; (4) "theft by fraud"; (5) "fraud upon the Court"; (6) "mail fraud"; (7) "collusion"; (8) "bearing false witness"; (9) "slander"; (10) "libel"; (11) "perjury"; and (12) "filing false public document." (*Id.* at 2–4.) However, even if this submission could properly be construed as an amended complaint despite its failure to meet the requirements under Fed. R. Civ. P. 15, the Court lacks authority or competence to reach the merits in this case.

"In order to have subject matter jurisdiction, a District Court must be able to exercise either federal question jurisdiction or diversity jurisdiction." *Trinh v. Off. of Recs. Phila.*, 779 F. App'x

---

[1] Because Plaintiff's repeated submission of letters and "objections" to the docket appeared to be attempts to improperly amend the Complaint or otherwise short-circuit the Court's consideration of Defendants' Motions, several text orders (ECF Nos. 19, 24) were issued informing the parties that no submissions may be filed without leave of court pending resolution of the motions.

9

118, 119–20 (3d Cir. 2019) (citing 28 U.S.C. §§ 1331, 1332). Federal district courts have subject matter jurisdiction based on diversity jurisdiction:

> [W]here the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a)(1)–(4). In such cases, "'diversity must be complete; that is, no plaintiff can be a citizen of the same state as any of the defendants.'" *Trinh*, 779 F. App'x at 120 (quoting *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995)); *see also Stratis v. BMW of N. Am., LLC*, No. 2:22-cv-06929, 2023 WL 3092188, at *5 (D.N.J. Apr. 26, 2023). An action is based on federal question jurisdiction where the cause(s) of action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In either case, the party asserting the court's jurisdiction bears the burden of explicitly pleading factual allegations that invoke the court's jurisdiction. *Trinh*, 779 F. App'x at 120; *see also Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998).

Here, even construing the Complaint in the light most favorable to Cappuccio, the Court is unable to establish whether it has jurisdiction because Cappuccio fails to plead the requisite factual elements. Cappuccio has not identified the citizenship of the parties for the Court to determine if diversity jurisdiction exists. To the extent Cappuccio is attempting to allege violations of federal law and thereby invoke federal question jurisdiction, the Complaint alleges "willful violation(s) of 18 U.S.C. § 1001, 1341" without any factual support. (ECF No. 1 at 17.) Plaintiff's conclusory statement that "Defendant did cause unlawful communication(s) to be transmitted by way of internet, phone, and various mail service(s), to and/or from the SCNJ Clerk's Office and Plaintiff,"

10

without facts such as the dates, contents of the communications, or individuals allegedly involved, cannot substantiate the alleged violations of law. (*Id.*)

The Court is not required to fill in the holes in a Complaint that is replete with ill-defined, conclusory statements about alleged legal violations and will not rewrite the Complaint to present a more clear or logical factual narrative or legal argument than the one presented. *See Shah v. Blue Cross Blue Shield of Tex.*, Civ. A. No. 16-8803, 2018 WL 1293164, at *6 (D.N.J. Mar. 13, 2018) (noting that a court will not rewrite a plaintiff's complaint to allow it to state a claim); *Miyayama v. Burke*, Civ. A. No. 20-01683, 2021 WL 6134361, at *3 (D. Nev. Dec. 29, 2021) ("While Plaintiff urges the Court to overlook [a] mistake and find the factual allegations sufficient to withstand a motion to dismiss, the Court has neither the time nor duty to rewrite Plaintiff's complaint."); *Teetz v. Bd. of Cnty. Comm'rs of Sedgwick Cnty. Kan.*, Civ. A. No. 22-1134, 2023 WL 7698030, at *5 (D. Kan. Nov. 15, 2023) ("The Court cannot consider new allegations made outside the Complaint. And the Court cannot rewrite Plaintiff's Complaint for him."). Indeed, although Cappuccio is held to a less stringent pleading standard as a *pro se* plaintiff, "this more liberal construction does not absolve *pro se* litigants of the need to adhere to the Federal Rules of Civil Procedure." *Cooke*, 2024 WL 1142214 at *2.

Further, Cappuccio explicitly stated in his "Objection" that "[t]his claim is not proceeding under 'federal jurisdiction' or any jurisdiction of the United States 'federal' corporation . . . and will not be guided by 'civil procedure' nor constrained by citizenship requirements," evidently evoking the terminology of the constitutional requirements for subject matter jurisdiction in federal courts. (ECF No. 15 at 5.) Notwithstanding these statements, this Court is bound by the Constitution to have a basis for exercising jurisdiction over the subject matter of a lawsuit. *See,*

11

*e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("[S]ubject-matter jurisdiction [is] the court's statutory or constitutional *power* to adjudicate the case.").

Absent a clear basis for subject matter jurisdiction, Cappuccio's Complaint is dismissed.[2]

### IV. CONCLUSION

For the reasons set forth above, and for good cause having been shown, Defendants' Motions to Dismiss Cappuccio's Complaint (ECF Nos. 7, 8) are **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

Date: November 6, 2024                                                  /s/ *Brian R. Martinotti*
                                                                        HON. BRIAN R. MARTINOTTI
                                                                        UNITED STATES DISTRICT JUDGE

---

[2] Although Defendants raise several other grounds for dismissal, *see supra* Section III., all the referenced abstention and preclusion doctrines strip the Court of subject matter jurisdiction, and for the purposes of judicial economy, the Court need not address all the bases Defendants raise for dismissal.

Moreover, besides being wholly conclusory and factually deficient, Cappuccio's arguments suggest he perceives this Court to supersede the Superior Court of New Jersey in competence over this matter. This suggestion is not only untrue, but also it runs afoul of the bedrock constitutional principle of States' rights enshrined in the Tenth Amendment. *See* U.S. CONST. amend. X ("The powers not delegated to the United States by the Constitution, nor prohibited by it to the states, *are reserved to the states respectively*, or to the people." (emphasis added)). Moreover, in support of his request for a jury trial, Cappuccio has consistently, and quite vigorously, argued there is no venue for, in his view, a just resolution of this case because, in part, "this court can use its United States statutes and local rules to hinder and/or defeat our claim[.]" (ECF No. 26 at 2.) This Court recognizes Cappuccio's frustrations at contending with the complexities of the United States judicial system but notes the importance of the Federal Rules of Civil Procedure, among other sets of rules, in clarifying the procedures for pursuing an action through the judicial system and ensuring the just and efficient resolution of all actions. *See, e.g.*, *Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) ("For purposes of efficiency and fairness, our legal system is replete with rules requiring that certain matters be raised at particular times.").